Rowland & Tobiason *vs*. Daily.

---

ROWLAND & TOBIASON, plaintiffs in error, *vs*. MATTHEW DAILY, defendant in error.

(By TWO JUDGES.)—1. Under the Act of 1865 and 1866 (R. Code, sec. 3917), a lost note may be established before the Superior Court. (R.)

2. The Act of 1865 and 1866, providing for the summary establishment of promissory notes, requires the party seeking to establish the same, to swear that he is the owner, or the agent or the representative of the owner of the same, and if the affidavit is defective in this respect the proceeding is null. 12th March, 1872.

Lost note. Before Judge Cole. Bibb Superior Court. November Term, 1871.

Said firm sued Daily upon a lost promissory note. Their counsel tendered in evidence a copy. To it was appended an affidavit before a Commissioner of Georgia, in New York, by Rowland, that said copy " is a copy, in substance, of a certain promissory note given by Matthew Daily to said firm of Rowland & Tobiason, which said note is wholly due and unpaid. Deponent has not said note in his possession, but verily believes that the same was lost, whilst the property of said Rowland & Tobiason." There was also a notice therein to Daily, that on a day named they would move the Superior Court to establish said lost paper, which notice had been duly served. It also appeared that Daily filed no objection to the proceeding, and that the said Court ordered said copy estab-

Rowland & Tobiason *vs.* Daily.

lished in lieu of the lost original. These papers tendered together were objected to upon the ground that the affidavit did not conform to the statutè and were ruled out. This is assigned as error.

POE & HALL, for plaintiffs in error. The establishment of the copy concluded defendant: 16 Ga. R., 487 ; 20th, 90 ; 22d, 60. The Superior Court had jurisdiction : Pr. Dig., 420; 36 Ga. R., 212, 219. The affidavit complied with the statute : R. Code, sec. 3917.

LANIER & ANDERSON, for defendant.

McCAY, Judge.

1. The Act of 1865 and 1866, providing for the summary establishment of promissory notes is very badly drawn; indeed, it is difficult to understand some of its language at all. We see no good reason, however, to confine the persons, before whom the plaintiff may go, to Justices of the Peace. The Superior Court is surely a proper tribunal before which to take the proceedings required.

2. But the Act is positive that the party must make oath that he is the owner, or the agent of the owner of the paper. This the affidavit, in the present case, fails to do. The proceeding is a ·summary and rather an extraordinary one, and we think it ought to be fully complied with. The ownership of the paper is an important fact in such a proceeding, and the maker has a right to know that the person who is endeavoring to establish the paper, is the proper person to do it.

For this reason we affirm the judgment. The affidavit is defective.

Judgment affirmed.